NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| MARK JACKSON, | : | |
| | : | Civ. No. 20-17426(RMB/SAK) |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION APPLIES TO ALL ACTIONS** |
| | : | |
| DAMON G. TYNER, | : | |
| | : | |
| Defendant | : | |

| | | |
|---|---|---|
| MARK JACKSON, | : | |
| | : | Civ. No. 20-17429(RMB/SAK) |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| DAMON TYNER, | : | |
| | : | |
| Defendant | : | |

BUMB, District Judge

Plaintiff Mark Jackson was confined in Atlantic County Justice Facility in Mays Landing, New Jersey at the time he filed virtually identical pro se civil rights complaints in this Court; Civil Action No. 20-17429 is captioned "The Eastern District," and Civil Action No. 17426 is captioned "The District of New Jersey." For the following reasons, the Court will dismiss Civil Action No. 20-17429 with prejudice because it is a duplicate of Civil Action

No. 20-17426. The Court will dismiss Civil Action No. 20-17426 without prejudice based on absolute prosecutorial immunity.

I.   FILING FEE/*IN FORMA PAUPERIS*

Pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

The entire fee to be paid in advance of filing a civil complaint is $402. That fee includes a filing fee of $350 plus an administrative fee of $52, for a total of $402.[1] A prisoner who is granted *in forma pauperis* status will, instead, be assessed a filing fee of $350 to be paid in installments and will not be responsible for the $52 administrative fee. A prisoner who is denied *in forma pauperis* status must pay the full $402, including the $350 filing fee and the $52 administrative fee, before the complaint will be filed.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action *in forma pauperis*. Under § 1915, a prisoner

---

[1] On December 1, 2020, the administrative fee was raised from $50 to $52. However, as Plaintiff submitted his complaint in this action prior to this change, should Plaintiff elect to pay the filing fee, he shall only owe $400.

seeking to bring a civil action *in forma pauperis* must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his complaint. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. Id.

If the prisoner is granted *in forma pauperis* status, the prisoner must pay the full amount of the filing fee in installments. 28 U.S.C. § 1915(b)(1). In each month that the amount in the prisoner's account exceeds $10.00, until the filing fee is paid, the agency having custody of the prisoner shall deduct from the prisoner's account, and forward to the Clerk, an installment payment equal to 20% of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2).

Plaintiff may not have known when he submitted his complaint that he must pay the filing fee, and that even if the full filing fee, or any part of it, has been paid, the Court must dismiss the case if it finds that the action: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B) (*in forma pauperis* actions);

3

see also 28 U.S.C. § 1915A (dismissal of actions in which prisoner seeks redress from a governmental defendant). If the Court dismisses the case for any of these reasons, § 1915 does not suspend installment payments of the filing fee or permit the prisoner to get back the filing fee, or any part of it, that has already been paid.

If the prisoner has, on three or more prior occasions while incarcerated, brought in federal court an action or appeal that was dismissed on the grounds that it was frivolous or malicious, or that it failed to state a claim upon which relief may be granted, he cannot bring another action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In this case, Plaintiff did not have his inmate trust fund account statement certified by a prison official. If Plaintiff seeks to file an amended complaint in this matter, he must also submit a certified copy of his inmate trust fund account statement.

II.   LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL

District courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis,* see 28 U.S.C. § 1915(e)(2)(B)[2], seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect

---

[2] The United States Court of Appeals for the Third Circuit has determined that district courts may review prisoner complaints for dismissal before considering an *in forma pauperis* application. Brown v. Sage, 941 F.3d 655, 660 (3d Cir. 2019) (en banc).

to prison conditions, see 42 U.S.C. § 1997e. District courts must *sua sponte* dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B), § 1915A(b)(1); 42 U.S.C. § 1997e(c)(1).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." Schreane v. Seana, 506 F. App'x 120, 122 (3d Cir. 2012) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)); Mitchell v. Beard, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009) and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), as explained by the United States Court of Appeals for the Third Circuit as follows. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d

303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Pro se pleadings must be liberally construed. Haines v. Kerner, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## III. THE COMPLAINT

The allegations in the Complaint are accepted as true for purposes of this opinion only. Plaintiff alleges that Prosecutor Damon G. Tyner brought three felony charges against him in Atlantic County, New Jersey, and Plaintiff was acquitted after trial before the Honorable Judge Johnson in September 2019. (Compl. ¶4, Dkt. No. 1.) Plaintiff alleges Defendant Tyner prosecuted him based on false and insufficient evidence and asserts claims of defamation and emotional distress. (Id.) Plaintiff seeks damages for eleven months that he spent in jail, and additional losses he suffered as a result of the prosecution. (Id., ¶5.)

## IV. DISCUSSION

Federal courts are courts of limited jurisdiction, possessing only the powers authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). A

plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

The Court liberally construes the complaint as alleging a Fourteenth Amendment claim of malicious prosecution under § 1983. "[T]he Supreme Court has extended the defense of absolute immunity to certain prosecutorial functions…." Fogle v. Sokol, 957 F.3d 148, 159 (3d Cir. 2020). Prosecutors have absolute immunity from work that is "'intimately associated with the judicial phase of the criminal process.'" Fogle v. Sokol, 957 F.3d 148, 160 (3d Cir. 2020) (quoting Imbler v. Pachtman, 424 U.S. 409, 430 (1976)).

7

Therefore, prosecutors are immune from "'claims arising from their conduct in beginning a prosecution', Imbler, 424 U.S. at 431, … including 'soliciting false testimony from witnesses in grand jury proceedings and probable cause hearings,' Kulwicki v. Dawson, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, Imbler, 424 U.S. at 431 …, and appearing before a judge to present evidence, Burns [v. Reed], 500 U.S. [478], 491-92 [(1991)]." Fogle, 957 F.3d at 160. Prosecutors are not absolutely immune from claims arising out of investigatory functions, particularly before a determination of probable cause. Id.

The only factual allegations in the complaint are that the prosecution was based on false and insufficient evidence. Without more, Defendant Tyner is entitled to absolute immunity under § 1983 for his conduct of bringing the charges against Plaintiff and presenting the case at trial. The Court will dismiss the Fourteenth Amendment malicious prosecution without prejudice, and decline to exercise supplemental jurisdiction over Plaintiff's state law claims of defamation and infliction of emotional distress. See 28 U.S.C. § 1367(c)(3)("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if-- (3) the district court has dismissed all claims over which it has original jurisdiction….") Plaintiff may file an amended complaint if he can allege misconduct by the prosecutor that is not

8

intimately associated with "the judicial phase of the criminal process" and, therefore, not subject to absolute immunity.

V.   CONCLUSION

For the foregoing reasons, the Court will dismiss the complaint without prejudice based on absolute prosecutorial immunity and decline to exercise supplemental jurisdiction of Plaintiff's state law claims.


An appropriate order will be entered.



DATED:  <u>**May 3, 2021**</u>                    s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**